Elizabeth ELLIOTT, Isadore Segall, and Jack Y. Brodsky, Trustees of the Estate of Herbert J. Elliott, Deceased,

v.

PARAMOUNT FILM DISTRIBUTING CORPORATION, Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corporation, Metro Goldwyn Mayer, Inc. and William Goldman Theatres, Inc.

Civ. A. No. 28879.

United States District Court
E. D. Pennsylvania.

May 22, 1961.

Samuel M. Brodsky, Philadelphia, Pa., for plaintiffs.

Edwin P. Rome, Morris L. Weisberg, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for defendant William Goldman Theatres, Inc.

EGAN, District Judge.

The defendant, William Goldman Theatres, Inc., moves to dismiss. The motion will be granted.

On November 22, 1960, the plaintiffs filed their complaint against the six named defendants, five of whom are motion picture distributors, and the remaining one, William Goldman Theatres, Inc., an exhibitor. The gravamen of the complaint was that there was an illegal conspiracy existing between the distributors and Goldman whereby the distributors, because of a threatened boycott by Goldman, conspired to give a key run and better clearances to Goldman's Esquire theatre, than to plaintiffs' Fern Rock theatre. Both theatres are located in Philadelphia and are not in substantial competition.

Pending argument and the disposition of motions to dismiss filed by the individual distributors, plaintiffs and the distributor defendants settled their differences and "the defendant distributors agreed to grant to the plaintiffs the key run the plaintiffs requested and in consideration thereof and as part of the settlement the plaintiffs agreed to move this Court for an order dismissing this action as to the defendant distributors only." (P. 4, pfs. brief).

Pursuant to that agreement this Court, on April 12, 1961, upon motion of plaintiffs, entered an order reading in substance "that plaintiffs' claims against Paramount Film Distributing Corpora-

tion, Columbia Pictures Corporation, Universal Film Exchanges, Inc., United Artists Corporation and Metro Goldwyn Mayer, Inc. are dismissed with prejudice." That left only one defendant, namely, the exhibitor William Goldman Theatres, Inc.

Pursuant to F.R.Civ.P. Rule 12(b), 28 U.S.C.A., Goldman now moves to dismiss for seven reasons, only the first of which requires discussion. It reads: "1. To dismiss the complaint upon the ground that the conspiracy charged is alleged to be a continuation and/or outgrowth of the conspiracy which was adjudicated in United States v. Paramount Pictures, Inc. This defendant was not a defendant in that litigation and, therefore, could not be a party to any conspiracy which is alleged to be a continuation or outgrowth of the Paramount conspiracy."

In the present posture of the case, there is only one defendant. It is basic law that "to constitute a conspiracy there must be a combination of two or more persons; one person cannot conspire with himself. Furthermore there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." 15 C.J.S. Conspiracy § 2, p. 997. Having withdrawn their complaint against the distributor defendants with prejudice, there is no one left with whom the exhibitor defendant could have conspired. Plaintiffs try to remedy this defect and bolster their case against Goldman by contending that Goldman is bound by the decision in United States v. Paramount Pictures, Inc. et al., D.C., 70 F.Supp. 53; 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, finding these defendant distributors and others guilty of a conspiracy to restrain trade by imposing unreasonable clearances. A quick answer to that is that Goldman is not and never was a distributor and was not a defendant in that case.

Common sense would seem to dictate that as an exhibitor itself, Goldman has nothing to distribute. Goldman must depend on distributors for the product it exhibits. It is in no position to dictate the distributors' policy on clearances. The mere fact that in this very case the plaintiffs agreed to dismiss with prejudice against the distributors after the latter had consented to better clearances and key runs for the Fern Rock theatre is evidence of this.

At the argument plaintiffs' counsel indicated that he would not oppose Goldman's motion to dismiss if it were entered without prejudice on the theory that plaintiffs could reinstate the suit against Goldman if the latter threatened to boycott or to put pressure on the distributors to the injury of the Fern Rock theatre.

This overlooks the provisions of Rule 41 relating to the dismissal of actions. Plaintiffs voluntarily dismissed with prejudice against the distributors pursuant to stipulation and by order of Court. Under such circumstances Rule 41(a) (1) (ii) comes into play which reads, " * * * an action may be dismissed by the plaintiff * * * (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

It also brings into play so much of Rule 41(b) as reads, " * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

Sub-section (d) of the same rule provides sanctions for any violation of the rule in the following language:

"(d) Costs of Previously-Dismissed Action. If a plaintiff who has once dis-

missed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

Defendant's motion is granted and the complaint will be and hereby is dismissed as to William Goldman Theatres, Inc. It is so ordered.